UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


MICHAEL GRAY                    ]
     Petitioner,                 ]
                                 ]
v.                               ]     No.3:13-1434
                                 ]     Judge Sharp
UNITED STATES OF AMERICA         ]
     Respondent.                 ]


**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Federal Medical Center in Lexington, Kentucky. He brings this action pursuant to 28 U.S.C. § 2255 against the United States, asking the Court to vacate, set aside or correct his sentence.

On March 19, 2013, the petitioner pled guilty to conspiracy to possess with the intent to distribute not less than 500 grams of cocaine. United States of America v. Michael Gray, Criminal No.3:13-00003 (M.D. Tenn.); Docket Entry No.76 at pg.4. For this crime, he received a sentence of 87 months in prison, to be followed by four years of supervised release. *Id*. at Docket Entry No.110. Having pled guilty, there was no direct appeal of the conviction taken by the petitioner.

Instead, the petitioner filed the instant § 2255 Motion (Docket Entry No.1) on December 16, 2013. The Motion sets forth two

1

claims for relief. These claims include :

> 1) petitioner was denied the effective assistance of counsel[1] "for his failure to file any pre-trial motions mainly challenging the investigative procedures, or making objections to the sentencing to ensure an appeal would be in good faith". More specifically, petitioner believes that counsel should have raised claims of selective prosecution and sentencing entrapment; and
>
> 2) prosecutorial misconduct - petitioner was a victim of selective prosecution and sentencing entrapment.

Upon its receipt, the Court conducted a preliminary review of the Motion and determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order entered January 9, 2014, the United States Attorney for this judicial district was directed to file an answer, plead or otherwise respond to the Motion. Rule 4(b), Rules --- § 2255 Cases.

Presently pending before the Court are the respondent's Motion to Dismiss (Docket Entry No.15) and the petitioner's Reply (Docket Entry No.22) to the Motion to Dismiss.

Having carefully considered these pleadings and the record as a whole, it does not appear that an evidentiary hearing is needed in this matter. *see* <u>Smith v. United States</u>, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

---

[1] The petitioner was represented by Michael C. Holley, a Federal Public Defender for this judicial district.

2

Consequently, the Court shall dispose of the § 2255 Motion as the law and justice require. Rule 8(a), Rules --- § 2255 Cases.

The petitioner is African-American. He alleges prosecutorial misconduct in the form of selective prosecution and sentencing entrapment (Claim No.2).

A claim that was available to a criminal defendant but was never raised on direct appeal is procedurally defaulted in a subsequent § 2255 proceeding. <u>Bousley v. United States</u>, 118 S.Ct. 1604, 1610 (1998). The petitioner did not seek a direct appeal of his conviction. Thus, he never took the opportunity to offer for consideration on appeal his belief that "the Government's purpose by design is to criminalize the black people." Docket Entry No.22 at pg.13.

Nevertheless, the petitioner can overcome the procedural default of this issue by demonstrating cause for his failure to raise it previously and actual prejudice resulting from the alleged violation. <u>Peveler v. United States</u>, 269 F.3d 698-700 (6th Cir. 2001). Should the petitioner be unable to show both cause and prejudice, his procedural default can still be excused if review of the issue is needed to prevent a miscarriage of justice, as happens with the conviction of one who is actually innocent. <u>Hampton v. United States</u>, 191 F.3d 695, 698-99 (6th Cir. 1999).

The petitioner has not offered an explanation as to why he did not raise this claim on direct appeal. He pled guilty pursuant to

3

a plea agreement. Criminal No.3:13-00003; Docket Entry No.77. That agreement waived most, but not all, of petitioner's appellate rights. He reserved the right to appeal claims of involuntariness, prosecutorial misconduct, or ineffective assistance of counsel. *Id.* at pgs.13-14. Consequently, petitioner has failed to show cause sufficient to excuse his procedural default of the prosecutorial misconduct claim. Nor has he made any showing of actual innocence. In fact, in an Affidavit attached to the § 2255 Motion, the petitioner admits his guilt to the crime. *See also Id.* at pgs.4-5. Therefore, the Court finds that the procedural default of this claim is unexcused and, as a result, does not provide a basis for relief.

The petitioner also asserts that counsel was ineffective for failing to raise the issues of selective prosecution and sentencing entrapment during pre-trial proceedings (Claim No.1).

The Sixth Amendment guarantees criminal defendants an entitlement to the effective assistance of counsel. McMann v. Richardson, 379 U.S. 759, 771 (1970). An ineffective assistance claim will only succeed, however, if the petitioner can show that his attorney's performance was in some way deficient and that the defense was prejudiced so as to render the criminal proceeding unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668 (1984). Prejudice within the context of a guilty plea, as was the case here, is shown when there is a reasonable probability

4

that, but for counsel's errors, the petitioner would not have pled guilty and would have instead insisted on going to trial. Hill v. Lockhart, 474 U.S. 52,59 (1985). When considering such a claim, counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. Mallett v. United States, 334 F.3d 491, 497 (6th Cir. 2003).

The petitioner was originally charged with conspiracy to possess with intent to distribute not less than *5 kilograms* of cocaine. The penalty for this offense is ten years to life imprisonment. 21 U.S.C. § 841(b)(1)(A). He was also facing the possibility that a firearm charge carrying with it a mandatory consecutive sentence of five years would be added to the indictment.

Pursuant to the plea agreement, the petitioner was allowed to plead guilty to the lesser included offense of conspiracy to possess with intent to distribute not less than *500 grams* of cocaine. The decrease in the amount of drugs reduced the petitioner's potential sentence to a range of five years to forty (40) years imprisonment. 21 U.S.C. § 841(b)(1)(B). In addition, the government agreed not to charge the petitioner with other offenses related to this particular chain of events.

Clearly, the petitioner agreed to the plea agreement because it was in his best interest to do so. When he pled guilty, the

petitioner swore under oath that he was satisfied with counsel's representation. Criminal No. 3:13-00003; Docket Entry No.134 at pg.465. There has been no showing of a reasonable probability that, but for counsel's failure to raise the issues of selective prosecution and sentencing entrapment, he would have otherwise decided to go to trial. Accordingly, in the absence of any showing of prejudice, petitioner's ineffective assistance claim has no merit.

Having carefully considered the § 2255 Motion, the respondent's Motion to Dismiss and the Petitioner's Reply to the Motion to Dismiss, the Court can find no reason to vacate, set aside or correct petitioner's sentence. Respondent's Motion to Dismiss has merit and will be granted.

An appropriate order will be entered.

_____
Kevin H. Sharp
United States District Judge